IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2019

## JOSEPH R. WIGGINS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. D-0885      Angelita Blackshear Dalton, Judge**

_____

### No. M2018-00488-CCA-R3-HC

_____

In 1983, while incarcerated on other charges, the Petitioner pleaded guilty to the rape of another inmate. The trial court sentenced him to five years, to run concurrently with his existing sentence. In 2002, the Petitioner obtained parole, but his parole was revoked when he failed to register as a sex offender pursuant to the sex offender registry requirements. Sometime before 2010, the Petitioner filed his first petition for habeas corpus relief, alleging that his sentence for rape was illegal because the application of the sex offender registry to his sentence violated *ex post facto* principles. The petition was denied, and that decision was affirmed by this court on appeal. *Joseph R. Wiggins v. State*, No. W2010-00091-CCA-R3-CD, 2010 WL 3075644, at *1 (Tenn. Crim. App., at Jackson, Aug. 6, 2010), *no Tenn. R. App. P. 11 application filed*. The Petitioner filed this, his second habeas corpus petition in 2010. The habeas corpus court again denied the petition. On appeal, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Jay Allen Umerley, Nashville, Tennessee, for the appellant, Joseph R. Wiggins.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Senior Counsel; Glenn R. Funk, District Attorney General; Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

This case arises from the Petitioner's rape of another inmate, a crime to which he pleaded guilty in 1983. The indictment against him pursuant to which he pleaded guilty

alleged that, while the Petitioner was in jail, he forced the victim to submit to unlawful sexual penetration while being aided by two other men. Count 2 of the indictment alleged that the Petitioner then assisted another man in forcing sexual penetration of the same victim. The Petitioner was indicted on these two counts while awaiting the disposition of his charges for two counts of armed robbery and two counts of kidnapping.

A jury subsequently convicted the Petitioner of two counts of robbery and two counts of kidnapping, and the trial court sentenced him to sixty years of incarceration. *Wiggins*, 2010 WL 3075644, at *1.

On January 20, 1983, the Petitioner filed a petition to enter his plea of guilty. He acknowledged that he had been charged with two counts of aggravated rape and that each carried a maximum possible sentence of life imprisonment without the possibility of parole. The Petitioner then expressed his desire to enter a plea of guilty to one count of rape in exchange for an agreed sentence of five years to be served concurrently with his other sentences.

In 2002, the Petitioner was granted parole, but it was subsequently revoked when the Petitioner failed to comply with the mandatory registry of sex offenders. *Id*. He served some time and has since been rereleased.

Sometime before 2010, the Petitioner filed a petition for habeas corpus relief alleging that his sentence for rape was illegal. In it, he acknowledged that his sentence for rape had expired on May 26, 1985, and that he was no longer incarcerated on that sentence. He contended, however, that he was still restrained of liberty from that conviction because it was a violation of the requirements of the sex offender registry that led to his parole violation. This court rejected that argument, finding that "our supreme court has recently addressed the registration requirements and held that those requirements are 'nonpunitive and . . . a collateral consequence of a guilty plea.'" *Id*. (citing *Marcus Ward v. State*, 315 S.W.3d 461, 472 (Tenn. 2010)).

The Petitioner filed a second petition for habeas corpus relief. In it, he alleged that his guilty plea was not knowingly and voluntarily entered because he did not understand the consequences of the sex offender registry requirements. The Petitioner included a copy of the transcript of his guilty plea, during which the requirements of the sex offender registry were not discussed by the parties.

The habeas corpus court held:

> On January 20, 1983 the Petitioner pled guilty to rape and was sentenced to five years concurrent with another sentence he was serving in

2

the state penitentiary. Since the Petitioner entered a plea of guilty, Tennessee enacted the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004. The Petitioner contends that this act is being retroactively applied to him which results in him having to register as a lifetime offender. The Petitioner also contends that he was not informed at the time of his plea of the requirement to register as a sex offender and that registering as such carries direct punitive consequences.

The habeas corpus court went on to state that the sex offender registry statutes have been widely upheld as non-punitive, and that Tennessee's statute had survived repeated *ex post facto* challenges. On these grounds, the habeas corpus court denied the petition.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner maintains that the application of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 to his sentence for rape constitutes an *ex post facto* violation. The State counters that the Petitioner is not entitled to relief because first, he is no longer restrained of liberty pursuant to the judgment that he challenges and second, Tennessee's sex offender registry requirements have been repeatedly upheld against *ex post facto* challenges. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2014). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the petitioner's burden to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was

3

facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Archer*, 851 S.W.2d at 165.

In this habeas corpus petition, the Petitioner is again attacking whether the sex offender registry's application to him is an *ex post facto* violation. This court squarely addressed this issue in *State v. Larry Wade Gibson*, No. E2003-02102-CCA-R3-CD, 2004 WL 2827000, at *2 (Tenn. Crim. App., at Knoxville, Dec. 9, 2004), *Tenn. R. App. P. 11 application denied* (Tenn. Mar. 21, 2005). We held that the additional requirement of the sexual offender registry, while retrospective in its application in that case, did not violate *ex post facto* provisions because "Tennessee's 1994 Sexual Offender Registration and Monitoring Act was nonpunitive in nature, and its application to the [defendant therein] did not violate either state or federal *ex post facto* prohibitions." *Id.* at *6. Our supreme court held the same in *Ward*, 315 S.W.3d at 470. In accordance with the law and decisions of our state, we conclude that the application of the Sexual Offender Registration and Monitoring Act to the Petitioner in this case does not violate *ex post facto* provisions.

As stated previously, a writ of habeas corpus may be granted only where it is apparent from the face of the judgment or the record of the proceedings upon which the judgment is rendered that a sentence is illegal. *Stephenson*, 28 S.W.3d at 91. The judgment in this case does not reflect an illegal or void sentence. The trial court did not err when it summarily dismissed the Petitioner's petition for habeas corpus relief. The Petitioner is not entitled to relief on this basis

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4